UNITED STATES of America, et al.

v.

PENNSYLVANIA, et al.

Harry NELSON, et al.

v.

Karen F. SNIDER, et al.

Civ. A. No. 93–2094.

United States District Court,
E.D. Pennsylvania.

Aug. 13, 1994.

Pamela Chen, Mark Masling, U.S. Dept. of Justice, Washington, DC, Edmond Tiryak, Philadelphia, PA, Judith Gran, Public Interest Law Center of Philadelphia, Philadelphia, PA, for plaintiffs.

Thomas York, Eckert Seamans Cherin & Mellott, Harrisburg, PA, for defendants.

## *MEMORANDUM*

NEWCOMER, District Judge.

Presently before the Court is the Motion in Limine of plaintiff United States of America, and the response of defendants thereto. For the reasons that follow, the motion will be granted.

### I. *Background*

These consolidated actions were brought by the United States of America (and, as intervenor, People Interested in Embreeville Residents, a group comprised mainly of relatives of residents of the Embreeville Center), a class of residents of the Embreeville Center and those at risk of placement at the Embreeville Center, and Pennsylvania Protection and Advocacy, Inc. and The Arc–Pennsylvania (two non-profit advocacy corporations). The suits seek injunctive relief against the Commonwealth of Pennsylvania and several of its officials to redress allegedly unconstitutional conditions at the Embreeville Center, a state institution for the mentally retarded. The instant motion was filed solely by plaintiff United States.

The United States filed its Complaint pursuant to the Civil Rights of Institutionalized Persons Act ("CRIPA"), 42 U.S.C. § 1997 *et seq.* CRIPA states, in pertinent part:

Whenever the Attorney General has reasonable cause to believe that any State . . . is subjecting persons residing in or confined to an institution . . . to egregious or flagrant conditions which deprive such persons of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States causing such persons to suffer grievous harm, and that such deprivation is pursuant to a pattern or practice of resistance to the full enjoyment of such rights . . . the Attorney General, for or in the name of the United States, may institute a civil action . . .

against such party for such equitable relief as may be appropriate ...

42 U.S.C § 1997a(a). It is this statute which gives rise to the dispute currently before the Court.

The third defense asserted by defendants in their answer to the Complaint of the United States reads, in part, "[t]he plaintiff cannot establish grievous harm resulting from a pattern or practice involving flagrant or egregious conditions." The above quoted statute is cited as authority for this defense. From this, and defendants' response to the instant motion, it is apparent that defendants expect to argue at trial that § 1997a(a) dictates the standard of proof to be met by the United States at trial. The United States argues that § 1997a(a) is merely a standing statute giving it the right to bring suit but not affecting the standard of proof at trial. The United States contends that it must demonstrate only that the Commonwealth is violating federal constitutional or statutory rights of those residing at the Embreeville Center; this is the standard of proof that the other plaintiffs to this action bear.

## II. *Discussion*

Decisional law interpreting § 1997a(a) is virtually nonexistent. The precise issue raised in the motion at bar has not yet been addressed by any court.[1] Perhaps the closest any court has yet come to deciding this issue is the opinion of Judge McCalla denying the defendants' motion to dismiss or for summary judgment in the case of *United States v. Tennessee*, 798 F.Supp. 483 (W.D.Tenn.1992), the case discussed in footnote 1 of this Memorandum. The defendants in that case argued that the United States had failed to state a legally sufficient claim under § 1997a(a) by failing to plead in the Complaint facts supporting the existence of egregious or flagrant conditions, grievous

harm, and a pattern or practice on the part of the defendants. *Id.* at 488. In denying the motion Judge McCalla held that CRIPA establishes no substantive rights, but merely gives the Attorney General standing to bring suit. *Id.* In light of the fact that the Attorney general had certified that the preconditions to filing had been met, Judge McCalla wrote that the court would not look beyond this certification to require the United States to justify its decision to bring suit. *Id.* at 488–89. The opinion continues, stating that "[w]hether the alleged conditions exist is precisely the question that this Court will determine after a hearing on the merits." *Id.* at 489. This statement could be taken to mean that the certification of the Attorney General is sufficient to withstand a motion to dismiss or for summary judgment, when all inferences must be drawn in favor of the United States, but that the plaintiff must, to prevail at trial, establish the elements required in the certification. The transcript of Judge McCalla's ruling from the bench after the trial of the case, however, belies this conclusion. When explaining what the United States was required to prove to establish a violation of the Fourteenth Amendment Judge McCalla set forth the standard that would be required of any plaintiff in such a case; no mention was made of the specific language contained in § 1997a(a). *United States v. Tennessee*, 92–2062 (W.D.Tenn. November 22, 1993, Transcript at 13–16). Nowhere in Judge McCalla's ruling, in which he found for the United States, did he specifically address the facts of the case in the specific terms of the CRIPA statute. From this, it cannot be concluded that Judge McCalla made any ruling directly bearing upon the issue presented here. Moreover, this Court would not be bound by the ruling of another District Court; any such ruling would have at most persuasive effect.

1. The United States argues that this issue has in fact been decided previously by Judge McCalla in the Western District of Tennessee in *United States v. Tennessee*, 92–2062 (W.D.Tenn. November 22, 1993). Judge McCalla stated, in issuing findings of fact and conclusions of law from the bench, "[t]he burden placed on the United States is no different from the burden placed on litigants before the Court in similar cases." Judge McCalla did not specifically state what burden

the United States was to meet, nor did he indicate that this issue had been argued to him. He offered no explanation for this statement. From this, it is impossible for this Court to conclude that Judge McCalla considered and decided the issue raised here. Moreover, even if this Court were to accept the statement as a ruling on this issue, its persuasive effect would be negligible as no rationale for the statement was offered by Judge McCalla.

Several courts have examined the legislative intent behind CRIPA, though none has done so while attempting to determine if it imposes any certain standard of proof upon the United States. CRIPA was enacted in response to several decisions holding that the Attorney General did not have standing to sue state institutions for violating the rights of institutionalized persons. *United States v. Oregon,* 839 F.2d 635, 636 (9th Cir.1988); *United States v. New York,* 690 F.Supp. 1201, 1204 (W.D.N.Y.1988). CRIPA's certification requirement reflects Congress' concern with issues of federalism; the Attorney General was authorized to file suit only in serious cases and after giving the states involved a reasonable opportunity to attempt negotiation and conciliation. *United States v. New York,* 690 F.Supp. at 1204. Congress was concerned that the federal government not become overly involved in a area which was typically regarded as within the purview of the states. *Id.*

The legislative history of CRIPA expresses clearly this concern. The Joint Explanatory Statement of the Committee Conference states "[t]he adoption by the conference committee of the language 'egregious or flagrant' establishes a standard for the Department of Justice's involvement that reflects Congressional sensitivity to the fact that a high degree of care must be taken when one level of sovereign government sues another in our Federal system." H.R.Conf.Rep. No. 897, 96th Cong., 2d Sess. 11 (1980) (hereinafter "Conf.Rep.") U.S.Code Cong. & Admin.News 1980, pp. 787, 835. This language speaks of the standard for the *involvement* of the Department of Justice and implies that the Department is to intrude into this traditionally state controlled area only in serious cases. It does not, however, indicate that the United States must prove at trial that a case is more serious than one that may have been brought by any other plaintiff.

The committee also declared that § 1997a(a) creates no new substantive rights but rather gives the Attorney General standing to insure that institutionalized persons will be afforded the full protections of the Constitution of the United States. Conf.Rep. at 9. It appears that to hold the United

States to a higher standard of proof at trial than an individual plaintiff would have to meet would be to contradict this stated legislative intent.

It must be noted, however, that the legislative history might also be interpreted to support the defendants' position. When discussing the "pattern or practice" element of § 1997a(a) the committee stated that "[t]he Government must *show* that the unlawful act by the defendant was not an isolated or accidental departure from an otherwise lawful practice." Conf.Rep. at 12, U.S.Code Cong. & Admin.News 1980 at 836 (emphasis added). It would not be an unfair reading of this language to conclude that Congress intended for the United States to be required to demonstrate at trial that the alleged violations were part of a pattern and practice of state governmental action. A logical progression of this reading would also require that the United States prove at trial the "egregious or flagrant" and "grievous harm" components of § 1997a(a).

To this point, consideration of decisional authority and legislative intent reveals no clear answer as to whether § 1997a(a) is merely a standing statute or a statute elevating the standard of proof at trial for the United States above that of any individual plaintiff. Also to this point, however, this Court has not addressed the plain language of the statute on its face. Due to the lack of binding precedent or clear Congressional mandate, the Court concludes that the only appropriate means of interpreting the statute is through careful reading of its language. The statute makes no mention of the standards of proof at trial. It speaks solely of when the Attorney General may institute a civil action. An action may be instituted "[w]henever the Attorney General has reasonable cause to believe" that a "pattern or practice" of a state government leading to "egregious or flagrant conditions" is causing "grievous harm" to institutionalized persons. 42 U.S.C. § 1997a(a). From this language the Court must hold that the Attorney General is vested with the discretion to bring suit whenever she is satisfied that a case is serious enough to warrant federal involvement. Once such a determination is made by the

**220**

Attorney General, the standard of proof to be borne by the United States at trial must be the same as that of any other plaintiff.

In similar situations Congress has required that the Attorney General plead facts sufficient to support a reasonable cause determination. *See, e.g.,* 42 U.S.C. § 2000e–6 (pattern or practice part of reasonable cause determination and complaint must state "facts pertaining to such pattern or practice"). Where such facts must be plead in a complaint, it follows that they must be established at trial in order for the United States to prevail. The lack of any such pleading provision in § 1997a(a) leads to the conclusion that no such proof requirement is imposed by the statute.

### III. *Conclusion*

For the reasons stated above, this Court holds that the United States has no greater standard of proof in any case brought under CRIPA than an individual plaintiff would bear in a case alleging the same illegal conduct on the part of a state.

An appropriate Order follows.

### *ORDER*

AND NOW, this 13th day of August, 1994, upon consideration of the Motion in Limine of plaintiff United States of America, and defendants' response thereto, and consistent with the foregoing Memorandum, it is hereby ORDERED that said motion is GRANTED. The burden of proof that the United States must bear at trial is identical to the burden of proof to be borne by the other plaintiffs to this action. To prevail at trial, the United States is not required to prove that persons residing at Embreeville Center are subjected to egregious or flagrant conditions causing grievous harm pursuant to a pattern or practice of the defendants.

AND IT IS SO ORDERED.